UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER SCOTT DANGIM,<br><br>　　　　　　　　　　Plaintiff<br><br>　　v.<br><br>CCDC, et al.,<br><br>　　　　　　　　　　Defendants | Case No. 2:24-cv-02028-RFB-MDC<br><br>**ORDER** |

　　　　Pro se plaintiff Christopher Scott Dangim, an inmate in the custody of the Nevada Department of Corrections, initiated this case with a complaint that is very difficult to read and understand and was not written using this Court's approved form. (ECF No. 1-1). Plaintiff subsequently filed multiple motions to amend the complaint (ECF Nos. 9, 12), as well as motions requesting video evidence and medical records (ECF Nos. 10, 11). Plaintiff has also filed multiple applications to proceed *in forma pauperis* (ECF Nos. 6, 7, 8).

**I.　　DISCUSSION**

　　**A.　　Complaint**

　　　　Plaintiff's motions to amend the complaint are difficult to understand, but they do not appear to be complete amended complaints. (ECF Nos. 9, 12). Rather, they appear to include additional allegations and claims that Plaintiff wants the Court to consider. The Court will not piecemeal Plaintiff's Complaint together from multiple filings. Plaintiff's operative Complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Furthermore, under the local rules, a pro se plaintiff must file a civil rights complaint on the form provided by this Court or it must be legible and contain substantially all the information called for by the Court's form. *See* Nev. Loc. R. Prac. LSR 2-1.

　　　　The Federal Rules of Civil Procedure also require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court may dismiss a complaint when a plaintiff fails to comply with Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). If the factual elements of a cause of action are not organized into a short and plain statement of a particular claim, a district court may dismiss for failure to comply with Rule 8. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Under Rule 8, a plaintiff may not allege extraneous facts that are not part of the factual basis for a particular claim. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (recognizing that Rule 8 is violated when a plaintiff pleads too much); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that the complaint "does not need detailed factual allegations" but requires more "than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action").

Furthermore, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Finally, under District of Nevada Local Rules, a civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this Court or must be legible and contain substantially all the information called for by the court's form." Nev. Loc. R. LSR 2-1.

The Court will give Plaintiff leave to file a single complete complaint that brings all that claims that Plaintiff wishes to pursue in this case and complies with both the Federal Rules of Civil Procedure and the Nevada Local Rules of Practice.

**B.     Motions for evidence**

Plaintiff filed two motions seeking various forms of evidence to support his claims. (ECF Nos. 10, 11). This case is at the screening stage. When screening a complaint, the Court takes all of the factual allegations in a complaint as true. Thus, Plaintiff does not need any evidence to support his claims, he only needs to state the facts supporting his claims clearly and concisely. Furthermore, because this case has not yet been screened

the Defendants have not yet been served or filed an answer to the complaint. As such, Plaintiff's motions for various types of evidence are premature, and the Court denies the motions without prejudice.

### C. Applications to proceed *in forma pauperis*

Plaintiff has filed three applications to proceed *in forma pauperis*. (ECF Nos. 6, 7, 8). Two of the applications were on this Court's approved form for inmates (ECF Nos. 6, 7), and one was part of motion requesting to both file an amended complaint and proceed *in forma pauperis* (ECF No. 8). However, Plaintiff subsequently filed an updated address indicating that he is no longer incarcerated. (ECF No.13). Therefore, the Court denies Plaintiff's previously filed applications to proceed *in forma pauperis* as moot. Plaintiff has not filed an application to proceed *in forma pauperis* on this Court's approved form for non-prisoners. The Court now directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee of $405 on or before **September 15, 2025**.

## II. CONCLUSION

It is therefore ordered that Plaintiff's motions to amend the complaint (ECF Nos. 9, 12) are **DENIED** without prejudice.

It is further ordered that Plaintiff's motions for video evidence and medical records (ECF Nos. 10, 11) are **DENIED** without prejudice.

It is further ordered that Plaintiff's applications to proceed *in forma pauperis* for prisoners (ECF Nos. 6, 7, 8) are **DENIED** as moot.

It is further ordered that Plaintiff has **until September 15, 2025**, to accomplish the following two items:

1) File a single complete complaint that complies with both the Federal Rules of Civil Procedure and the Nevada Local Rules of Practice.

2) Either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* for non-prisoners.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff: (1) this Court's approved 42 U.S.C. § 1983 complaint form with instructions, and (2) this Court's approved form application to proceed *in forma pauperis* for a non-prisoner with instructions.

DATED: August 15, 2025

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE